UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | **Hon. Dennis M. Cavanaugh** |
| KATHARINE W. LAI | : | **OPINION** |
| Appellant/Debtor. | : | Bankruptcy Case No. 02-37935 (NLW) |
| KATHARINE LAI | : | |
| Plaintiff, | : | Civil Action No. 05-CV-1478 (DMC) |
| v. | : | |
| BRUCE J. WISOTSKY and RAVIN GREENBERG, PC, | : | |
| Appellees/Defendants. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter having come before the Court on appeal of Chapter 7 debtor Katharine Lai ("Appellant"), from Orders entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). Appellant filed a Notice of Appeal in the form of a letter before this Court on January 20, 2005, and it is unclear from her papers which Order she is appealing. No oral argument was heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, this Court **affirms** the decisions of the Bankruptcy Court and Appellant's appeal is **denied**.

**I. Background**

Pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"), Appellant filed a pro se voluntary petition on February 1, 2001. (Appellees' Brief in Opposition

to Appellant's Appeal ("Appellees' Br.") at 2). On February 7, 2001, Mr. Andrew J. Radmin, Esq. was appointed Interim Chapter 7 Trustee in this case. (Id.) On March 2, 2001, Mr. Michael B. Kaplan, Esq. replaced Mr. Radmin as Trustee. (Id.) During Mr. Kaplan's time as Trustee, the firm Ravin Greenberg, PC ("RG") was retained and appointed as counsel. (Id.) Mr. Bruce J. Wisotsky ("Wisotsky"), a partner at the law firm, was primarily responsible for the file. (Id.) On June 21, 2002, Mr. Kaplan resigned and appointed Mr. Wasserman as Trustee for the Estate, who remains Trustee today. (Id.)

While Mr. Kaplan was still Trustee, he noticed that immediately prior to filing for Bankruptcy, Appellant had transferred a valuable piece of real property, a strip mall located at 131 Route 9, Forked River, New Jersey (the "Property"), to an entity known as Fantastic Realty Company, Inc. ("Fantastic"). (Id.) The records of New Jersey Department of the Treasury, Division of Revenue, showed that Frank Lai, Appellant's son, was the registered agent for Fantastic. (Id.) The records also provided that Fantastic's main business address was identical to Appellant's residence. (Id.) Although Fantastic's mortgage was dated June 1, 1996, it was not recorded until June 14, 2000, which was within one year prior to the filing date of Appellant's petition. (Id.)

Trustee's counsel challenged the transfer before the Bankruptcy Court. (Id.) The Affidavit of Consideration executed in connection with the transfer listed the amount of consideration as "zero." (Id. at 3). Trustee's counsel succeeded in having the transfer to Fantastic voided and in subordinating Fantastic's lien. (Id.) The Bankruptcy Court also authorized an auction in order to administer and liquidate the Property without any liens and encumbrances. (Id.)

Shortly thereafter, Appellant instituted an action in the Superior Court of New Jersey,

Law Division, Essex County, captioned <u>Katharine Lai, Plaintiff, vs. Bruce J. Wisotsky and Ravin Greenberg PC, John Does 1-10 or XYZ Corp. or Entities, Defendants, Docket Number L-2783-03</u> (the "State Court Action"). (<u>Id.</u>) Appellant sought damages in excess of $1.5 million for personal injuries Appellant alleged to have suffered as a result of the actions taken on by the Trustees, their counsel, and the Bankruptcy Court. (<u>Id.</u>) Specifically, Appellant claimed Trustee's counsels' actions in this case caused her to contract cancer. (<u>Id.</u> at 4). Appellant also alleged the Trustee's accountants deducted "fake expenses" from the estate during the liquidation of the property to benefit themselves. (<u>Id.</u>) On May 27, 2003, Appellees had the case removed from State Court to the Bankruptcy Court and filed a motion to dismiss Appellant's State Court Complaint. (<u>Id.</u>) Then on June 11, 2003, Appellant submitted a document to the Bankruptcy Court stating that she was withdrawing her Chapter 7 Petition, which Trustee's counsel opposed. (<u>Id.</u> at 5).

On September 22, 2003, the Bankruptcy Court heard oral argument on this matter. Trustee's counsel argued: (1) the Bankruptcy Court should retain jurisdiction over the State Court Action; (2) that Appellant's State Court Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (3) why the Bankruptcy Court should deny Appellant's motion to withdraw and dismiss her Chapter 7 case. (<u>Id.</u>) Appellant did not make an appearance at the argument. (<u>Id.</u>)

After argument, the Bankruptcy Court reserved on its decision and while the decision was pending, Appellant continued to proceed before the State Court, despite the fact that the matter had been removed to the Bankruptcy Court. (<u>Id.</u>) In response to Appellant's actions in State Court, Appellees filed a motion seeking to limit and restrain Appellant from continuing to

prosecute the State Court action without leave from the Bankruptcy Court. (Id.) On December 23, 2003, the Bankruptcy Court granted Appellees' motion to restrain Appellant. (Id.)

Then on February 5, 2004, the Bankruptcy Court issued an Order and Opinion granting Appellees' motion for summary judgment and dismissal of Appellant's State Court action and denied Appellant's motion to withdraw her Chapter 7 case. (Id. at 6). The Order dismissing the case allowed Appellant sixty (60) days to comply with the Barton Doctrine by applying to the Bankruptcy Court for permission to file suit against the Trustee's counsel or be barred from doing so. (Id.) Appellant failed to apply to the Bankruptcy Court for authorization to institute or re-institute any claims. (Id.) Therefore, on June 16, 2004, the Bankruptcy Court entered an Order closing the case. (Id.) Then on December 16, 2004, the Bankruptcy Court entered another Order, which included a permanent injunction and restraints against Appellant and her affiliates from bringing any suit or action against the Trustee and his representatives (the "Final Restraining Order"). (Id.)

On December 22, 2004, Appellant wrote a letter to the Bankruptcy Court requesting the Court reconsider the Final Restraining Order. (Id.) The Bankruptcy Court treated Appellant's letter as a motion for reconsideration and denied Appellant's request on January 14, 2005, because Appellant had failed to meet the high standard required for a motion for reconsideration to be successful. (Id. at 7). On January 20, 2005, Appellant filed a Notice of Appeal before this Court. Appellant's Notice of appeal does not contain a clear statement of what orders or procedures she is appealing.

## II. Discussion

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges."  In reviewing an order of the Bankruptcy Court, a District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a de novo standard to the Bankruptcy Court's legal conclusions.  See In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); In re Morrissey, 717 F.2d 100, 104 (3d Cir. 1983); Fed R. Bankr. P. 8013.

## B. The Bankruptcy Court Made the Proper Decision

The Bankruptcy Court properly relied on the Barton doctrine in requiring Appellant to request permission from the Court before filing and instituting a State Court Action.  The Barton Doctrine was created by the United States Supreme Court in Barton v. Barbour, 104 U.S. 126 (1881), and it prohibits a party from suing a trustee in a non-appointing court for acts done within a trustee's official capacity or acts done within the trustee's authority as an officer of the court.  Over the years, courts have extended the Barton Doctrine to protect not only the trustee, but other court-appointed officers, including the trustee's counsel.  See, In re Delorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993).

In order for a party to obtain permission from the Bankruptcy Court to sue a trustee, the party must first present a prima facie case against the trustee.  In re Berry Publishing Serv. Inc., 231 B.R. 676 (Bankr.N.B.Ill. 1999).  Here, Appellant failed to present any sufficient evidence against any of Appellees to support any of her claims.  The proceedings show that the Bankruptcy Court reviewed Appellant's Complaint, balanced the interests of all the parties, and in dismissing the Complaint, properly held Appellant had not established a prima facie case

5

against any Appellees**.**  Appellant has not produced any evidence before this Court indicating the Bankruptcy Court erred in its holding.  Appellant has not shown the Bankruptcy Court's factual findings were in error.  She has only made blanket statements that the Bankruptcy Court's rulings were unlawful, without presenting any evidence in support of her accusations.  Appellant has not presented any evidence to this Court that establishes a prima facie case against any of Appellees.  Therefore this Court must dismiss Appellant's appeal and affirm the Bankruptcy Court's decision.

### III. Conclusion

For the reasons stated above, this Court **affirms** the decision of the Bankruptcy Court and Appellant's case is **dismissed**.

    S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       March 30, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            File